IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01169-WDM-MJW

LISA JOHNSEN and
MARK JOHNSEN,

    Plaintiffs,

v.

TOWN OF GRAND LAKE,

    Defendant.

---

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on the motion to dismiss filed by defendant the Town of Grand Lake. Plaintiffs Lisa and Mark Johnsen oppose the motion. Following review of the parties' written arguments and the evidence and arguments presented at the hearing held March 15, 2006, I conclude the motion must be granted.

### Background

Subject matter jurisdiction is premised on diversity of citizenship.[1] 28 U.S.C. § 1332.

According to the complaint and the testimony of Lisa Johnsen, the Johnsens were

---

[1] The Johnsens reside in South Dakota. Although Mark Johnson's damages (for lost income of $692 and loss of consortium) almost certainly do not amount to $75,000, supplemental jurisdiction over his claims pursuant to 28 U.S.C. § 1367 is proper. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, ___ U.S. ___, 125 S. Ct. 2611, 2620-21, 2625 (2005).

vacationing in Colorado in August 2004. On August 22, 2004, Lisa Johnsen was walking on a boat dock owned and maintained by Grand Lake when she slipped and fell, apparently as a result of a board giving way, sustaining injuries. The board was the last board on a ramp leading to the permanent dock area; the board would generally be the last board stepped on when stepping down onto the dock and the first board stepped on when stepping up from the dock.[2]

At the March 15 hearing, Randy Lewis, the Assistant Public Works Manager for Grand Lake, testified regarding the Town's procedures for inspecting, maintaining, and repairing the public boat dock. Mr. Lewis conducts approximately eighty percent of the required inspections of the dock area, consisting of walking on all dock areas and visually inspecting the boards. Mr. Lewis acknowledged that he did not step on every board of the dock every time he inspected it, but he did testify that the board that came loose on August 22, 2004, was located in such a manner that it would be virtually impossible not to step on it either going down to the permanent dock or coming up from it. In response to questions from the court, Mr. Lewis testified he could not recall any repairs to or replacements of the board at issue. He had inspected the dock seven days before Lisa Johnsen's accident, on August 15, 2004, and did not recall any problem with the board. Mr. Lewis also stated that it appeared to him, from the picture of the board admitted at the March 15 hearing as

---

[2] The only picture of any area of the dock that is of record was a photograph admitted as Exhibit B for purposes of the March 15 hearing. The photograph depicts the specific area of Lisa Johnsen's accident and shows the loose board secured at one end to the ramp structure and leaning down to the dock area at the unsecured end. There is no photograph or other exhibit that shows a more general area of the dock area or structure.

Exhibit B, that the screws holding one side of the board had snapped rather than becoming loose.

Both Mr. Lewis and Bernie McGinn, Grand Lake's Public Works Director, testified that in their tenure with Grand Lake (of approximately ten and five years, respectively), they did not know of any accidents, other than Lisa Johnsen's, that occurred as a result of loose boards on the dock and that Grand Lake had not received any complaints during that same time, except from the Johnsens, regarding loose or damaged boards on the dock.

The Johnsens assert claims against Grand Lake for: (1) negligence; (2) premises liability; and (3) loss of consortium on behalf of Mark Johnsen.

Grand Lake moves to dismiss the complaint on the grounds that it is immune from liability under the Colorado Governmental Immunity Act (CGIA).  C.R.S. §§ 24-10-101 to 24-10-120.

### Standard of Review

The issue of governmental immunity is one of subject matter jurisdiction.  *Walton v. Colorado*, 968 P.2d 636, 643 (Colo. 1998).  Factual disputes concerning subject matter jurisdiction are for determination by the court, not the jury.[3]  *Id*.  The Johnsens bear the burden of proving subject matter jurisdiction under the CGIA.  *Martinez v. Weld County School Dist. RE-1*, 60 P.3d 736, 738 (Colo. App. 2002).  "Because governmental immunity derogates Colorado's common law, the CGIA's waiver provisions are entitled to deferential

---

[3] The Johnsens assert in their response to the motion to dismiss that Grand Lake's awareness of the dangerous condition is a question of fact for jury to determine. They do not dispute, however, that jurisdictional facts are for the court to determine.

construction in favor of victims injured by the negligence of governmental agents, while the immunity provisions are subject to strict construction." *Walton*, 968 P.2d at 643.

## Discussion

The CGIA provides that a public entity waives sovereign immunity "in an action for injuries resulting from: . . . (e) [a] dangerous condition of any . . . public facility located in any park or recreation area maintained by a public entity[.]" § 24-10-106(1)(e). The Act defines "dangerous condition" as follows:

> "Dangerous condition" means a physical condition of a facility or the use thereof that constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity or public employee in constructing or maintaining such facility. For the purposes of this subsection (1), a dangerous condition should have been known to exist if it is established that the condition had existed for such a period and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered. A dangerous condition shall not exist solely because the design of any facility is inadequate. The mere existence of wind, water, snow, ice, or temperature shall not, by itself, constitute a dangerous condition.

§ 24-10-103(1).

The Colorado Supreme Court has distilled this definition into a four-part test. Thus, to establish that a dangerous condition existed, the Johnsens must show that their injuries occurred as a result of the:

> (1) physical condition of a public facility or the use thereof, (2) which constitutes an unreasonable risk to the health or safety of the public, (3) which is known to exist or should have been known to exist in the exercise of reasonable care, and (4) which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility.

*Walton*, 968 P.2d at 644.

In its motion to dismiss, Grand Lake asserts that the Johnsens cannot meet the third and fourth factors of this test.[4] Specifically, it contends there is no factual basis to support the required element that Grand Lake knew or should have known of the dangerous condition posed by the loose board on the public dock prior to Lisa Johnsen's fall. It also argues there is no evidence that an act or omission on the part of Grand Lake proximately caused the dangerous condition.

In their arguments regarding whether Grand Lake knew or should have known of the dangerous condition on the boat dock, the parties rely on two cases from the Colorado Court of Appeals stemming from similar factual situations but reaching different results. Grand Lake cites *Smith v. Town of Snowmass Village*, 919 P.2d 868, 871 (Colo. App. 1996). In that case, the plaintiff slipped and fell on ice on a landing at the bottom of a stairway owned and maintained by the Town of Snowmass Village. The trial court found the Town did not have actual knowledge of a dangerous condition created by accumulation of ice because the Town departments authorized to receive complaints did not know about the ice and had not received any report of ice on the landing. *Id*. The trial court further found the Town had no constructive knowledge of the condition because, in the absence of evidence of when the ice accumulated or of how long the ice had been present prior to the plaintiff's fall, the court was unable to find the ice had existed for such a period of time that the Town would have discovered it in the exercise of reasonable care. *Id.* The Court

---

[4] In its brief for the hearing and at the hearing itself, Grand Lake argued that the existence of the loose board did not create an unreasonable risk to public safety. This argument was not raised in the motion to dismiss, and I deem it waived.

of Appeals concluded the trial court's findings were supported by the evidence and affirmed its conclusion that the Town was entitled to governmental immunity. *Id.* at 872.

The Johnsens rely on *Martinez v. Weld County School Dist. RE-1*, 60 P.3d 736, brought by a plaintiff who had slipped and fell on ice on a sidewalk near entrance to a public school. On the issue of actual notice, the trial court found the place where the plaintiff fell "was known to be a problem area and that the build-up of ice there was a chronic and continuing problem. *Id.* at 741. While the defendant might not have known of the accumulation of ice on the day of the accident, it knew from prior experience that ice would accumulate at that location. *Id.* Based on these and other findings, the Court of Appeals affirmed the trial court's conclusion that the defendant was not entitled to immunity.

The Johnsens' reliance on *Martinez* does not support their cause.[5] This case demonstrates that I may distinguish between a public entity's general knowledge that a particular situation–in *Martinez* the accumulation of ice, here a loose board–may give rise to a risk of harm and the entity's specific knowledge that such a situation could arise in a particular area. In *Martinez*, the trial court found significant that the school district knew from prior experience that ice would accumulate "*at that location*" and that the area of the accident was a "problem area" where the build-up of ice was "chronic and continuing." 60 P.3d at 741. Here, Mr. Lewis's undisputed testimony was that he could recall no incidents of repairs to or replacement of the board at the end of the ramp. Further, although his

---

[5] At the hearing on March 15, 2006, counsel for the Johnsens cited the case of *Booth v. University of Colorado*, 64 P.3d 926 (Colo. App. 2002), *aff'd* 78 P.3d 1098 (Colo. 2003). I have read this decision and find it factually distinguishable.

inspections of the dock was primarily visual, he testified the board was located in a way that he would be virtually certain to step on it during his inspections.

Based upon the evidence presented by the parties in their briefs and at the hearing, I find that the Johnsens have failed to provide any evidence that Grand Lake had actual knowledge that the board at the end of the ramp leading to the permanent dock was loose or damaged prior to Lisa Johnsen's fall on August 22, 2004.

With regard to whether Grand Lake should have known of the condition of the board at the end of the ramp by exercise of reasonable care, section 24-10-103(1) provides the parameters for finding such constructive knowledge: "[A] dangerous condition should have been known to exist if it is established that the condition had existed for such a period and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered." Again, I find the Johnsens have not met their burden. There is no evidence before me that the board was loose or damaged before August 22, 2004. Although counsel for the Johnsens argued that "something must have been wrong with the board because it caused Lisa Johnsen's accident," he did not counter Mr. Lewis's testimony that the picture of the board indicated that the screws holding the board snapped and that this could have occurred at the moment Lisa Johnsen stepped on the board.

Because I find that the Johnsens have failed to prove by a preponderance of the evidence that Grand Lake knew or should have known that the board at the end of the ramp leading onto the permanent dock was loose or damaged prior to Lisa Johnsen's fall, I need not consider whether any act or omission on the part of Grand Lake was the

proximate cause of the Johnsens' injuries.

Accordingly, it is ordered:

1.  The motion to dismiss, filed August 29, 2005, is granted.

2.  The complaint is dismissed for lack of subject matter jurisdiction.

DATED at Denver, Colorado, on March 17, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge